IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**ROBERT LEE BUFFINGTON,**

                Plaintiff,

                                            CIVIL ACTION
    vs.                                        No. 05-3159-GTV

**REGINA SMITH,**

                Defendant.

<u>**ORDER**</u>

Plaintiff, a prisoner confined in the Larned Correctional Mental Health Facility, proceeds pro se on complaint filed under 42 U.S.C. 1983.  Plaintiff has paid the initial partial filing fee assessed by the court under 28 U.S.C. 1915(b)(1), and is granted leave to proceed in forma pauperis.  Plaintiff remains obligated to pay the remainder of the $250.00 district court filing fee in this civil action, through payments from his inmate trust fund account as authorized by 28 U.S.C. 1915(b)(2).

Because plaintiff is a prisoner, the court is required to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant immune from such relief.  28 U.S.C. 1915A(a) and (b).

To allege a valid claim under 42 U.S.C. 1983, "a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988).  In the present

case, plaintiff seeks damages for the alleged violation of his rights under the First and Fourteenth Amendments. The sole defendant named in the complaint is Regina Smith, a witness who testified in plaintiff's 1979 state criminal proceeding in which plaintiff was convicted of manslaughter and aggravated battery.[1] Plaintiff claims he is entitled to his freedom and to damages for this defendant's alleged violation of plaintiff's constitutional rights.

To the extent plaintiff seeks his release from confinement, relief must be pursued through a petition for writ of habeas corpus under 28 U.S.C. 2254, to the extent any such relief might still be available.[2] See <u>Preiser v. Rodriguez</u>, 411 U.S. 475 (1973)(state prisoner's challenge to fact or duration of confinement pursuant to a state court judgment must be presented through petition for writ of habeas corpus after exhausting state court remedies).

To the extent plaintiff seeks damages, his allegations of error against the defendant can be dismissed as stating no claim for relief because this defendant is not a person acting under color of state law for the purpose of establishing liability under 42 U.S.C. 1983. <u>See</u> also <u>Briscoe v. LaHue</u>, 460 U.S. 325, 329-33 (1983)(discussing absolute immunity from damages that is

---

[1] Plaintiff alleges that Smith's negligence in allowing her 14 year old son to be armed was responsible for plaintiff being shot and plaintiff's friend being killed.

[2] Passage of the Antiterrorism and Effective Death Penalty Act on March 24, 1996, imposed a one year limitation period on state prisoners seeking relief under 28 U.S.C. 2254. <u>See</u> 28 U.S.C. 2244(d)(1)(one year limitation period applies to habeas petitions filed by a person in custody pursuant to a state court judgment).

2

extended to witnesses in criminal proceedings).

Accordingly, for the reasons stated herein, the court concludes the complaint should be dismissed.³  See 28 U.S.C. 1915(e)(2)(B)(ii)-(iii)("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines ...the action...fails to state a claim on which relief may be granted, or...seeks monetary relief against a defendant who is immune from such relief.").

IT IS, THEREFORE, BY THE COURT ORDERED that plaintiff is granted leave to proceed in forma pauperis.

IT IS FURTHER ORDERED that the complaint is dismissed as stating no claim for relief under 42 U.S.C. 1983.

Copies of this order shall be mailed to plaintiff and to the Finance Officer where plaintiff is currently confined.

**IT IS SO ORDERED.**

Dated at Kansas City, Kansas, this 18th day of May 2005.


/s/ G. T. VanBebber
G. T. VANBEBBER
United States Senior District Judge

---

³Plaintiff is advised that dismissal under 28 U.S.C. 1915(e)(2)(B)(ii) counts as a "strike" under 28 U.S.C. 1915(g), a "3-strike" provision which prevents a prisoner from proceeding in forma pauperis in bringing a civil action or appeal if "on 3 or more prior occasions, while incarcerated or detained in any facility, [the prisoner] brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

3